**WO**  LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael D. Chamness,           )  No. CV 05-1859-PHX-NVW (GEE)
                               )
    Plaintiff,             )  **ORDER**
                               )
vs.                            )
                               )
Maricopa County Jail,          )
                               )
    Defendant.             )
                               )

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is confined in the Tent City Jail in Phoenix, Arizona. The Court will dismiss the action with leave to amend.

**A.**    **Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $11.04 (based on an average monthly deposit of $55.20) will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL**

the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed

1 for failure to state a claim, *with* leave to amend because the complaint may possibly be saved
2 by amendment.

3 **C.  Complaint.**

4     Plaintiff alleges that he has been incarcerated at the Durango and Tent City Jails.  He
5 sues the Maricopa County Jail.  In his Complaint Plaintiff raises three counts: (1) denial of
6 medical treatment, (2) suffering a slip and fall while working at his jail job, and
7 (3) unsanitary conditions.  For relief, he request monetary damages.

8 **D.  Improper Defendant.**

9     The sole Defendant in this action is the Maricopa County Jail, which is not a proper
10 Defendant.  Although there are several jails located in Maricopa County, there is no such
11 entity as the Maricopa County Jail.  In addition, Plaintiff could not sue one of the jails, e.g.,
12 the Durango Jail.  The jail is a building and not an entity capable of being sued.  Plaintiff's
13 complaint therefore fails to state a claim.

14     Plaintiff may be able to cure this deficiency through amendment.  He may be able to
15 name a person or entity that is subject to suit.  For example, Plaintiff could name the county.
16 Claims under § 1983 may be directed at "bodies politic and corporate."  Monell v. Dept. of
17 Soc. Servs., 436 U.S. 658, 688-89 (1978).  "[A] municipality can be sued under § 1983, but
18 it cannot be held liable unless a municipal policy or custom caused the constitutional injury."
19 Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163,
20 166 (1993).  Plaintiff may also name an official-capacity defendant, which is equivalent to
21 a suit brought against the governmental entity.  See Will v. Michigan Dep't of State Police,
22 491 U.S. 58, 71 (1989).  For a person to be liable in his official capacity, Plaintiff must
23 allege that he acted as a result of a policy, practice, or custom of the entity.  See Cortez v.
24 County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-
25 91).

26     Plaintiff may also decide to name persons in their individual capacities.  If he does so,
27 he must write short, plain statements telling the Court: (1) the constitutional right Plaintiff
28 believes was violated; (2) the name of the person who violated the right; (3) exactly what that

1 individual did or failed to do; (4) how the action or inaction of that person is connected to the
2 violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered
3 because of that person's conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).
4 Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails
5 to do this for any person named as a Defendant, the Court will dismiss that Defendant from
6 this action.

### E. **Amendment.**

Plaintiff may choose to amend his Complaint to cure the deficiencies described by this Order.  Plaintiff is advised that his First Amended Complaint must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Complaint by reference.  Any Amended Complaint submitted by Plaintiff should be clearly designated as such on the face of the document.  The Clerk of Court will be directed to provide Plaintiff with a form for filing a civil rights action.

An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

### F. **Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes.  Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties.  The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief.  Failure to timely file a notice of change of address may result in the dismissal

1  of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
2  Procedure.

3  **Warning of Possible Dismissal Pursuant to Rule 41.**

4  Plaintiff should take note that if he fails to timely comply with every provision of this
5  Order, this action will be dismissed without further notice. See Ferdik, 963 F.2d at 1260-
6  61(district court may dismiss action for failure to comply with any order of the Court).
7  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
8  fails to file an amended complaint correcting the deficiencies identified in this Order, the
9  dismissal of this action will count as a "strike" under the "three strikes" provision of the
10 Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

11 **IT IS THEREFORE ORDERED that:**

12 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted. Plaintiff is
13 obligated to pay the statutory filing fee of $250.00 for this action. The Maricopa County
14 Sheriff or his designee shall collect from Plaintiff's trust account an initial partial filing fee
15 in the amount of $11.04 and shall forward the amount to the Clerk of Court. Said payment
16 shall be clearly identified by the name and number assigned to this action.

17 (2) The Maricopa County Sheriff or his designee shall collect the filing fee from
18 Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of
19 the preceding month's income credited to Plaintiff's trust account and forwarding the
20 payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in
21 accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the
22 name and number assigned to this action.

23 (3) The Complaint is **dismissed** for failure to state a claim. Plaintiff shall have **30**
24 **days** from the date this Order is filed to file an Amended Complaint in compliance with this
25 Order.

26 (4) The Clerk of Court shall enter a judgment of dismissal of this action with
27 prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint
   within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall
28

1 make an entry on the docket in this matter indicating that the dismissal of this action falls
2 within the purview of 28 U.S.C. § 1915(g).

3     (5)  Aside from the two copies of the petition or amended petition that must be submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

    (6)  The Clerk of Court is directed to provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

DATED this 3rd day of November, 2005.

_____
Neil V. Wake
United States District Judge

JDDL

- 6 -